IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James A. Wilson,<br><br>               Plaintiff,<br><br>vs.<br><br>Florence County School District 3, Ms. Laura Hickson, Superintendent For Florence County School District 3, and The Board of Trustees for Florence County School District 3,<br><br>               Defendants. | C.A. No. 4:20-cv-03373-KDW<br><br>**ORDER FOR RELIEF<br>FROM FINAL JUDGMENT** |

      This matter is before the court[1] on Plaintiff James Wilson's Motion for Relief from Final Judgment, ECF No. 61, in which Plaintiff seeks Rule 60(b)(1) relief from the court's May 23, 2022 Order that granted Defendants' Motion for Summary Judgment and ended this case, ECF Nos. 58 and 59 (granting Defendants' Motion for Summary Judgment for failure to prosecute and entering summary judgment in favor of all Defendants). Plaintiff filed his Rule 60(b) Motion on May 16, 2023. Fed. R. Civ. P. 60(b)(1). Defendants oppose the Motion, ECF No. 62; Plaintiff has submitted his Reply, ECF No. 63. Having considered the parties' filings and applicable law, the court finds Plaintiff's Motion was timely filed and Plaintiff has established the requisite excusable neglect.

---

[1] The parties have consented to have the undersigned conduct all proceedings in this case, including the entry of final judgment. Any appeal will be directly to the United States Court of Appeals for the Fourth Circuit. ECF No. 16.

As detailed within, Plaintiff's Motion for Relief from Final Judgment, ECF No. 61, is granted for purposes of completing briefing on Defendants' previously filed[2] summary judgment motion.

I.  Factual and procedural history

Defendants removed Plaintiff's employment-related litigation to this court in September 2020. ECF No. 1. Based on the consent of counsel for Plaintiff and for Defendants, the court amended the scheduling order in this matter several times. *See, e.g.,* ECF Nos. 29, 36. Most recently, the court amended the scheduling order in July 2021. ECF No. 34. On October 27, 2021, defense counsel filed a consent motion to extend the deadline for filing dispositive motions, indicating the consent of Plaintiff's counsel and advising the court the extension was sought so that the parties could mediate the matter. ECF No. 39. This motion was granted, making December 20, 2021 the deadline for filing dispositive motions. ECF No. 40. During this time, Plaintiff was represented by solo practitioner Joseph Henry, Esq., of Joseph Henry Law Office. Defendants were (and continue to be) represented by David Nelson Lyon, David T. Duff, and Tiffany Butler Holt, all of the law firm of Duff Freeman Lyon, LLC.

On December 20, 2021, Defendants filed a Motion for Summary Judgment, ECF No. 42, in which they sought summary judgment in their favor as to all causes of action in Plaintiff's Complaint. Pursuant to deadlines established by the court's Local Civil Rules, Plaintiff's response to the Motion was due by January 4, 2022. On January 4, 2022, the Clerk of Court's Office received a telephone call from the wife of Plaintiff's then-counsel, Seneca Henry,[3] who advised that Attorney Henry was hospitalized and would require additional time to respond to the pending

---

[2] As noted below, the Clerk of Court will re-docket the summary judgment motion; this will have the effect of making the original motion be pending as of the date of this order.

[3] The court is now advised that, in addition to being his caregiver, Ms. Henry was also Attorney Henry's sole support person at his law firm. Seneca B. Henry Aff. ¶¶ 4, 6, ECF No. 61-1.

motion. Based on extenuating circumstances, the court extended the response-deadline to March 7, 2022. ECF No. 46.

Plaintiff did not file his response to the pending Motion for Summary Judgment by March 7, 2022, nor did the court receive further communication from Attorney Henry. Nonetheless, in the interest of giving Plaintiff an opportunity to respond so the motion could be considered on its merits, on March 17, 2023, the court issued an order giving Plaintiff until April 4, 2022, to submit his response to the Motion for Summary Judgment or to submit a supported request for an additional short extension. ECF No. 50. Plaintiff did not respond. On May 3, 2022, the court noted Plaintiff's failure to respond and advised that the case would be dismissed for failure to prosecute if no response had been received by May 20, 2022. ECF No. 55. Having received no response, on May 23, 2022, the court granted Defendants' pending Motion for Summary Judgment, ECF No. 42, and dismissed the case in its entirety for lack of prosecution. ECF No. 58. A separate Order of Summary Judgment was entered. ECF No. 59.

On May 16, 2023, Darryl Courtney Caldwell ("Attorney Caldwell") of Caldwell Law Firm LLC appeared on behalf of Plaintiff and filed the instant Rule 60(b) Motion.

II.     Legal standard

Under Rule 60(b)(1), a court may grant relief from a judgment because of "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010). A motion under Rule 60(b)(1) "must be made within a reasonable time" within a year of entry of the judgment. Fed. R. Civ. P. 60(c)(1). "To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense,

3

and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). Generally, Rule 60(b) motions are addressed to the sound discretion of the district court and "'will not be disturbed on appeal absent a showing of abuse of that discretion.'" *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir. 1987) (quoting *Werner v. Carbo,* 731 F.2d 204, 206 (4th Cir. 1984)).

III.    Analysis

In seeking relief from the May 23, 2022 judgment, Plaintiff, through his new counsel, argues that Plaintiff acted diligently upon learning that judgment had been entered and that his Motion was timely filed. Plaintiff indicates he "became aware of the dismissal in or around late February 2023 when he received confirmation that his original attorney passed away." Reply 3, ECF No. 63. Upon being advised he would be sent to a receiver to discuss options Plaintiff contacted Attorney Caldwell, whom he ultimately retained. *Id.* Attorney Caldwell then began investigating to understand the circumstances that led to the entry of judgment; Attorney Caldwell obtained information from Seneca Henry, wife and legal assistant of the late Attorney Henry, regarding the circumstances. *Id.* As explained by Ms. Henry, she had been the only person who assisted Attorney Henry with his law practice. Seneca Henry Aff. ¶ 4, ECF No. 61-1 (executed on May 4, 2023). When Attorney Henry became ill, Ms. Henry was also Attorney Henry's primary caregiver, focusing on his medical care. *Id.* ¶ 6. Attorney Henry was hospitalized for all but 20 days of 2022; he was hospitalized in April and May 2022 when the orders that led to the entry of judgment were entered. *Id.* ¶ 7. Ms. Henry avers that Attorney Henry "tried gallantly to manage his legal caseload [during] these numerous hospitalizations," noting they "truly believed that he would recover," and had no indication from his providers that he would not survive. *Id.* ¶ 8. Attorney Henry passed away on September 14, 2022. *Id.* ¶ 10.

4

The court finds that, under these circumstances, Plaintiff acted diligently to seek relief from the judgment. Plaintiff indicates he had been unaware of Attorney Henry's illness and did not learn of his death or the dismissal until February 2023. At that time, he promptly sought alternative counsel through Attorney Caldwell. Attorney Caldwell then undertook investigation and filed the Motion for Relief from Judgment within three months of meeting with Plaintiff. Critically, the Motion for Relief from Judgment was filed before the one-year deadline for filing such a motion. Although the filings do not indicate precisely when Attorney Caldwell connected with Ms. Henry, the court notes her affidavit was executed on May 4, 2023. The Motion was filed just 12 days later and is considered timely.

In claiming the ability to establish a meritorious defense, Plaintiff submits that the parties had been "actively participating in discovery when Attorney Henry was stricken with a terminal illness that ultimately cost him his life[,]" and noted the parties had participated in settlement negotiations. Pl. Mem. 3. In response, defense counsel argues Plaintiff would be unable to defeat the summary judgment motion, noting Plaintiff had undertaken no discovery of his own. Def. Mem. 6. Further, Defendants note the parties did mediate the matter, but such mediation had been unsuccessful. *Id.* The court agrees with Defendants that Plaintiff's statements do little to demonstrate he could defeat their summary judgment motion on its merits. Nonetheless, Plaintiff has made a showing of a "meritorious" reason for defeating the dismissal of the case for failure to prosecute the matter. Under these circumstances, the court finds it appropriate that Plaintiff should be given the opportunity to respond to Defendants' motion for summary judgment.

Finally, the court considers whether Defendants would be prejudiced. Defendants note that Plaintiff did not clearly indicate to what extent he seeks to reopen this matter. Defendants argue they would be unduly prejudiced were they to "plung[e]" back into discovery, participate in a

5

second mediation, and additional motions. Def. Mem. 7-8. In his Reply, Plaintiff does not specifically address to what extent he seeks to reopen this litigation, other than to indicate generally that Defendants would not be prejudiced because witnesses are still available and the same counsel still represents Defendants. Reply 4.

Having considered the parties' arguments in view of the circumstances of the case, the court finds it appropriate to *grant Plaintiff's Motion for Relief from Judgment only to the extent that the case will resume just where it left off—with Defendants' Motion for Summary Judgment pending and awaiting a response by Plaintiff.* Relieving Plaintiff from the judgment occasioned by his prior counsel's excusable failure to respond to the pending Motion for Summary Judgment will not unfairly prejudice Defendants. However, were the court to open the case up more fully, permit additional discovery, and require[4] further mediation, Defendants could be unduly prejudiced. The discovery deadline in this case was extended several times with the consent of counsel, including Attorney Henry. The discovery period ended on October 4, 2021, without further request for extension from either party. Attorney Henry then consented to Defendants' October 27, 2021 request that the dispositive motions deadline be extended. ECF No. 39. As Attorney Henry had participated in the scheduling process through the close of the agreed-to discovery deadline, the court finds that reopening discovery could unduly prejudice Defendants. Plaintiff's Rule 60(b) Motion is granted in that the May 23, 2022 entry of judgment for failure to respond to the pending motion for summary judgment is rescinded.

---

[4] While the court will not require further mediation at this time, resolution outside of the court is always encouraged.

IV.     Conclusion

The court joins Defendants in "lament[ing] the unfortunate and apparently unexpected death of Attorney Henry." Def. Mem. 8. Based on the circumstances, the court *grants* Plaintiff's Rule 60(b)(1) Motion, ECF No. 61. Plaintiff is hereby relieved from the court's May 23, 2022 Summary Judgment, which had dismissed Plaintiff's case for failure to prosecute. ECF Nos. 58 and 59.

The Clerk of Court is instructed to reopen this case and to re-docket Defendants' Motion for Summary Judgment—currently found at ECF No. 42 and originally filed on December 20, 2021—as of the date of this order. Plaintiff has until **July 7, 2023** to submit his opposition to the re-docketed Motion for Summary Judgment in accordance with the Rules of Civil Procedure and the District's Local Civil Rules. As no further discovery will be permitted, additional scheduling deadlines need not be set out at this time. Should this case survive summary judgment, the court will then issue trial-related deadlines.

IT IS SO ORDERED.

June 7, 2023                                                              Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge